IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPOTOKE, INC, d/b/a COLORADO VAPE & TOKE, and
MONJED ABED,

Defendants.

---

**ORDER AFTER SHOW CAUSE HEARING**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter came before the Court on September 26, 2023, on an Order to Show Cause why a general order should not be issued in more than 50 “near-identical trademark/unfair competition cases” all filed by the Plaintiff GS Holistic, LLC,” that would stay the cases “pending submission of verification that Plaintiff or its counsel has engaged in meaningful, in person negotiation with each defendant and that those efforts at negotiation have failed.” *See*, *e.g.*, Order of August 22, 2023 (Dkt. #11 in Case No. 23-cv-01513).

Plaintiff’s lead counsel from Florida, Peter David Ticktin, and local counsel from Castle Rock, Christina Gilbertson, appeared on behalf of GS Holistic, as did GS Holistic’s principal, Chris Folkerts. Also appearing, either live or in person, were a number of lawyers and/or representatives from several of the businesses and individuals sued in these many lawsuits.

The Court heard argument from Mr. Ticktin, explaining GS Holistic's approach to, and reasoning behind, bringing so many relatively low-dollar lawsuits against what appear to be small local businesses. Ms. Gilbertson also explained her role in signing the various complaints in these cases and what efforts she had made to verify the truth of the allegations in the many complaints. Mr. Folkerts also addressed the Court. Mr. Ticktin conceded that a number of errors were made, including the filing of two or three lawsuits (sometimes on the same day) against the very same Defendants.

The Court also heard from defense counsel and some of the shop owner-Defendants in these cases. Defendants and their counsel expressed frustration at the inability to connect with or engage in meaningful settlement discussions with lawyers from Mr. Ticktin's firm, as well as frustration with the nature of the cookie-cutter, boiler-plate nature of the many complaints, none of which contained any meaningful individualized detail about the nature of Defendants' conduct, or any factual allegations at all that would tend to support a claims of willfulness of the alleged violations. One lawyer expressed concern that GS Holistics had continued to seek entries of default against Defendants after the issuance of the Court's Order to Show Cause on August 22, 2023.

After a more than two-hour long proceeding, the Court will issue the following orders. It is hereby **ORDERED** that:

1) The Order to Show Cause is **DISCHARGED**;
2) Any previously scheduled Scheduling Conferences are **VACATED**;
3) That any entries of default entered by the Clerk of Court entered after August 22, 2023, in any of these GS Holistic cases are **VACATED**;

4) That all discovery, any briefing on any pending motions, and any obligations on the part of any of Defendants to answer or otherwise respond to the complaints is **STAYED** until November 17, 2023 or further order of Court;

5) That within the next ten (10) days, GS Holistic shall file motions to consolidate into a single case any cases which involve the same Defendant or Defendants. For example, 23-cv-01513 and 23-cv-01522 were both brought against identical Defendants, Vaportoke, Inc. and Monjed Abed;

6) That between the date of this Order and November 17, 2023, GS Holistic (through counsel) will engage in meaningful, direct settlement communications with any Defendant that has reached out or attempted to reach out to discuss settlement;

7) If a settlement is reached in any case, the Parties will file a notice of settlement with an indication of when final dismissal papers will be filed. Any settlement notice shall **NOT** contain a statement or recitation that the Court retains jurisdiction to enforce the settlement;

8) On November 17, 2023, at 9:30 a.m. the Court will hold a consolidated Status Conference/Scheduling Conference in all remaining cases. It is expected that counsel for Parties will appear in person. Counsel for GS Holistic is **required** to appear in person. To the extent defense counsel cannot appear in person because of a conflict, the Court will make available a login code for video teleconference. The Court will make the public telephone line available for listening, but will not permit participation from counsel via the telephone. Unrepresented parties will be welcome to attend in person. In advance of that

conference, GS Holistic's counsel shall prepare a proposed Scheduling Order consistent with the forms available on this Court's website, which order would be applicable (to the extent possible) to all the remaining live cases. The proposed Scheduling Order shall be circulated at least one week in advance to all defense lawyers who have entered an appearance in any of these GS Holistic cases, and GS Holistic shall endeavor in good faith to incorporate proposed suggestions or modifications by defense counsel. Topics to be discussed at the conference include: (a) answer dates in remaining cases; (b) schedule for briefing in cases where motions to dismiss have been filed; (c) Plaintiff's plans for moving for entries or default, or seeking default judgment in cases where there has been no answer; (d) the potential coordination discovery of the Plaintiff in cases that will proceed to litigation (such a depositions, requests for production, and interrogatories); (e) rational and proportional discovery limits in all remaining live cases.

9) In addition, three days in advance of the November 17, 2023 Status/Scheduling Conference, Plaintiff's counsel shall prepare a document in format consisting of a table of all cases filed by GS Holistics in the District of Colorado. The table will include key information about each case, whether the defendant is represented by counsel, including whether an answer or motion to dismiss has been filed, whether a Clerk's entry of default has been sought, whether settlement negotiations have occurred, and whether prospects for settlement are poor, fair, or good. The table will be filed with the Court in the

lowest numbered case and will also be submitted in Word form to the Chambers email of Judge Neureiter.

So ORDERED this 27th day of September, 2023

N. Reid Neureiter
United States Magistrate Judge